OPINION OF THE COURT
Kaye, J.
As a condition of probation, a court may order a security guard convicted of attempted arson and criminal mischief to make restitution to the security company that employed her, where the company has reimbursed its own customer for the loss suffered by reason of its employee’s conduct. In the particular circumstances presented, the employer is a permissible recipient of restitution under Penal Law § 65.10.*
Defendant — employed as a security guard by Burns Interna *156 tional Security Services, Inc., and assigned to work at a plant operated by Trojan Industries — was convicted, upon her plea of guilty, of attempted arson in the fourth degree (a misdemeanor) and criminal mischief in the third degree (a felony). Defendant admitted that, while on duty at Trojan’s facility in Batavia, she intentionally set a fire in the copying room and delayed reporting it. Her guilty plea was conditioned upon no incarceration and upon the court’s right to impose restitution in an amount to be fixed after a hearing. At sentencing, the court imposed a three-year term of probation and a $500 fine (payable by community service) for attempted arson, and a concurrent five-year probation term — conditioned on restitution in an amount to be determined at a hearing — for the criminal mischief count. Defendant was presented with a form setting out the conditions of probation, including her undertaking to make restitution in an amount to be determined, and indicated by her signature that she understood and would abide by them. A hearing was conducted to determine both the actual amount of the loss and her ability to pay.
At the hearing to fix the amount of Trojan’s loss, it emerged that Trojan had been reimbursed by Burns for its fire damage, in the amount of $9,200. Over defendant’s objection that there was no authority for restitution to a person other than Trojan, and after taking evidence of defendant’s financial circumstances, the court ordered defendant to pay Burns roughly half the $9,200 over a five-year period and sign a confession of judgment for the balance. The Appellate Division vacated the direction to make payment to Burns as a condition of probation, on the ground that under the Penal Law restitution could be made only to the direct victim of the crime. On the People’s appeal, we conclude that, on these facts, restitution to Burns was within the range of discretion allowed by Penal Law § 65.10, and we therefore reverse the Appellate Division order.
The concept of restitution is not new to the criminal justice system. Indeed, in many ancient societies offenders were routinely required to reimburse their victims for the losses they caused (Note, Victim Restitution in the Criminal Process: A Procedural Analysis, 97 Harv L Rev 931, 933). In this State, restitution has been authorized as a condition of probation since 1910, and its use has long been advocated (see, People v Fuller, 57 NY2d 152, 157).
While long available as a sanction, restitution has recently *157 drawn increased interest as an alternative to incarceration. Viewed from the perspective of punishing a defendant, restitution is recognized as an effective rehabilitative penalty because it forces defendants to confront concretely — and take responsibility for — the harm they have inflicted, and it appears to offer a greater potential for deterrence (Kelly v Robinson, 479 US —, 93 L Ed 2d 216, 228, n 10; Note, op. cit, 97 Harv L Rev 931, 937-941). In 1980, the Legislature broadened the availability of restitution as a sentencing option by permitting courts to consider it as part of the sentence imposed (Penal Law § 60.27 [1]). In conjunction with this enactment the Legislature declared: "that it is the policy of this state to encourage restitution by a person convicted of a criminal offense to the victims of his or her criminal activities in appropriate cases and to the extent that the defendant is reasonably able to do so. This act shall be interpreted and administered to effectuate this policy” (Legislative Findings for L 1983, ch 397). In 1983, Penal Law § 60.27 (1) was amended to require that restitution be considered in connection with sentencing. All the while, restitution has remained a permissible condition of probation. In 1984 the Legislature underscored the importance of restitution as an alternative to incarceration by requiring its consideration, in addition to permitting it, as a condition of probation.
Against this backdrop we consider defendant’s contention that Penal Law §§ 60.27 and 65.10 must be strictly read to preclude restitution to anyone other than the direct victim of a crime. In particular, she contends that the court is without discretion under Penal Law § 65.10 to order her to make restitution to Burns. We cannot agree.
Provisions of the Penal Law "must be construed according to the fair import of their terms to promote justice and effect the objects of the law.” (Penal Law § 5.00.) On the facts presented, we read Penal Law § 65.10 to permit restitution to Burns as a condition of probation. Defendant’s guilty plea was expressly conditioned on the court’s right to impose restitution, a condition she acknowledged by entering her plea. Restitution was thereafter imposed at sentencing, and defendant indicated in writing that she understood and would abide by the conditions. There was a full hearing with respect to amount and affordability.
Burns, which in fact has sustained the loss, was hardly a stranger to the transaction. The economic forces that may *158 have caused it to reimburse its customer and thereby become the victim should not affect defendant’s undertaking. We agree with the conclusion of County Court that "the Burns Security Agency’s liability is dependent upon the employment relationship with the defendant and, as such, they are a victim in their own right.” The amount of the loss was readily fixed without the need for extended collateral proceedings, and defendant’s ability to pay was properly determined. Indeed, no objection is raised either as to amount or affordability. Given these circumstances, restitution to Burns was within the broad discretion entrusted to the sentencing court.
Accordingly, the order of the Appellate Division insofar as appealed from should be reversed, the sentence reinstated, and the case remitted to the Appellate Division, Fourth Department, for consideration of the facts (CPL 470.40 [2] [b]; 470.25 [2] [d]).
Chief Judge Wachtler and Judges Simons, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order insofar as appealed from reversed, etc.

Penal Law § 65.10 (2) provides, in relevant part: "the court shall, as a condition of the sentence, consider restitution or reparation and may, as a condition of the sentence, require that the defendant * * * Make restitution of the fruits of his offense or make reparation, in an amount he can afford to pay, for the loss or damage caused thereby.”