The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Donald E. MOGUL, Defendant–Appellant.

No. 88CA1573.

Colorado Court of Appeals, Div. C.

March 28, 1991.

Rehearing Denied May 16, 1991.

Opinion by Judge KELLY *

The defendant, Donald E. Mogul, appeals the judgment conviction of first degree sexual assault and crime of violence. Among other allegations of error, he contends that the trial court improperly denied him his Sixth Amendment right to self-representation at trial. *See Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *People v. Romero,* 694 P.2d 1256 (Colo.1985). We agree, and reverse and remand for new trial.

## I.

On the morning trial was to begin, defense counsel requested a continuance to conduct further investigation into facts which had only recently been brought to his attention. This motion was denied by the trial court. Immediately thereafter, and before selection of the jury, the defendant addressed the court requesting that his appointed counsel be removed from the case and that the defendant be allowed to proceed *pro se.* He expressly requested that there be no continuance and that the trial proceed forthwith.

The defendant made several representations in support of his motion to represent himself. First, he explained the tardiness of the request by stating that he had instructed his attorney not to investigate the case or prepare for trial because there existed an agreement with agents of the United States government to obtain dismissal of these pending charges. We note that there was pending before the trial court a motion to dismiss based on these grounds, although it was not heard and ruled upon until midway in the trial. However, the defendant said that, only the previous week, the federal agents had "effectively reneged." Accordingly, it was defendant's position that defense counsel was inadequately prepared and could not possibly know what he needed to know and what

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Wendy J. Ritz, Asst. Atty. Gen., Denver, for plaintiff-appellee.

Donald E. Mogul, pro se.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

the defendant knew about the bases for a successful defense.

Further, the defendant represented that he had an extensive legal background, having "worked with the ACLU Mountain States League, American Justice League, Nonprofit League." He asserted that he had "authored a number of decisions including a landmark decision in this district in front of Judge Matsch." Although he conceded his unfamiliarity with Colorado procedure, he claimed to understand "basic courtroom decorum," and assured the court that he believed he could represent himself and would not "offend the dignity of this court." Finally, he stated his confidence that he could win his case if allowed to do so, and invited the court to inquire of him concerning his ability to represent himself.

The following ruling and colloquy resulted:

"THE COURT: All right. Well, you certainly do have the right under the Constitution of the United States to represent yourself. However, like other rights, they can be waived. It's my ruling that you have waived your right to represent yourself by waiting until the day of trial.

"THE DEFENDANT: Your Honor, there was—

"THE COURT: Don't interrupt me. See, that's one thing you don't know about the practice of law, apparently.

"Obviously, if I allow you to represent yourself, I would have to grant you a continuance. You report to me that you're unfamiliar with the procedures here. I believe that. Undoubtedly, we would probably have to appoint you an advisory counsel. That would entail a continuance of the case. So it's my ruling that you have waived your constitutional right to represent yourself by waiting till the day of trial to bring it up. We're going to go ahead.

"Go ahead, you have some more you want to say?

"THE DEFENDANT: Your Honor, may I state for the record that I object, that I believe you are taking away the only defense I have. [Appointed counsel] cannot conceivably have the knowledge that I have on this case. And further, you leave me no option but I refuse to cooperate in my own defense. I have no other option."

A person accused of a crime enjoys the constitutional right to self-representation. Colo. Const. Art. II, § 16; *Faretta v. California, supra; People v. Romero, supra.* The right is personal to the defendant and may not be abridged by requiring a defendant to accept a lawyer when he desires to proceed *pro se. Romero, supra.*

The right, however, is not unqualified; it may not be used to impede the efficient administration of justice. *People v. Barnes,* 636 P.2d 1323 (Colo.App.1981). While the authorities agree that the right must be unequivocally and timely asserted, there is disagreement about what constitutes timeliness and about the consequences of an untimely request.

Some federal courts, for example, hold that assertion of the right to self-representation even as late as the morning of trial, if it precedes selection of the jury, is timely as a matter of law, and is addressed to the sound discretion of the trial court. *See United States v. Smith,* 780 F.2d 810 (9th Cir.1986); *Chapman v. United States,* 553 F.2d 886 (5th Cir.1977); *Fritz v. Spalding,* 682 F.2d 782 (9th Cir.1982). *See also State v. Herron,* 736 S.W.2d 447 (Mo.App.1987). Other courts hold, as did the trial court here, that requests made prior to, but on the day of, trial are *per se* untimely. *Smith v. Smith,* 474 N.E.2d 973 (Ind.1985); *Russell v. State,* 270 Ind. 55, 383 N.E.2d 309 (1978).

We reject a categorical rule of either stripe. We decline to hold that a motion to proceed *pro se* made on the day of trial is timely as a matter of law so long as it precedes the selection of the jury. We also reject the rule that a motion delayed until the day of trial is *per se* untimely.

There are a variety of reasons which might excuse a late request to proceed to trial *pro se, see State v. Fritz,* 21 Wash.App. 354, 585 P.2d 173 (1978), and the burden properly rests upon the defendant to show satisfactory cause for the

lateness. *See People v. Burton,* 48 Cal.3d 843, 258 Cal.Rptr. 184, 771 P.2d 1270 (1989); *People v. Windham,* 19 Cal.3d 121, 137 Cal.Rptr. 8, 560 P.2d 1187 (1977).

In exercising its discretion to grant or deny a defendant's request to proceed *pro se,* a trial court must first determine whether the request is timely. Unless a request is made an ample time before the date set for trial, it is incumbent upon the trial court to determine whether the request is made for purposes of delay or to gain tactical advantage, and whether the lateness of the request may hinder the administration of justice. *Chapman v. United States, supra; Hamiel v. State,* 92 Wis.2d 656, 285 N.W.2d 639 (1979). Unless it is apparent on the record before the trial court that there is good cause for the late request, it may be necessary to conduct a hearing to elicit testimony on this issue.

■ It is uniformly agreed that a request for self-representation must be unequivocal. *See, e.g., State v. Fritz, supra.* A request stated in uncertain terms or in uncertain manner cannot be regarded as a demand for self-representation nor can it be considered as a waiver of the Sixth Amendment right to counsel.

■ The trial court must also determine whether the demand for self-representation constitutes a valid, knowing, and voluntary waiver of the right to counsel. To this end, the trial court must engage the defendant in a dialogue to explain the consequences of proceeding *pro se* and to make the defendant aware of the dangers and disadvantages of self-representation. *Faretta v. California, supra; Chapman v. United States, supra; People v. Romero, supra.* Only after such interrogation and advice can the trial court determine that the waiver of the right to counsel is knowing and voluntary and that the request for self-representation is unequivocal.

■ A defendant's technical legal knowledge is not a factor to be considered by the trial court in deciding whether to grant or deny the motion. *People v. Freeman,* 76 Cal.App.3d 302, 142 Cal.Rptr. 806 (1977). The right to dispense with the assistance of counsel is guaranteed not because it is essential to a fair trial, but because the defendant has a personal right to make a fool of himself. *People v. Salazar,* 74 Cal. App.3d 875, 141 Cal.Rptr. 753 (1977). *See also Faretta v. California, supra.*

■ A trial court is not obliged, however, to put up with disruption or intemperate conduct during a hearing or trial, nor does the right of self-representation give license to a defendant to ignore procedural or substantive rules of law. *See State v. Fritz, supra.* Thus, advisory counsel may be appointed by the trial court even over the objection of the defendant in order to assure the orderly progress of the case and to provide whatever assistance during the trial the *pro se* defendant may require. *Faretta v. California, supra; State v. Fritz, supra.*

■ Here, the trial court's ruling that the defendant had waived his constitutional right to self-representation by the untimeliness of his request rested almost entirely on two factors: The defendant's unfamiliarity with Colorado courtroom procedures and the presumed need to appoint advisory counsel and consequent need for a continuance. On the record in this case, these were not sufficient grounds to deny the defendant his constitutional right to proceed without counsel.

First, the ruling of the trial court did not consider numerous factors bearing on delay. The record shows that not one continuance had been granted in this case. The trial of the case was trailed for two days beyond its original setting, doubtless to accommodate the court's docket. Moreover, the ruling ignores the defendant's explicit request that the case proceed to trial without continuance; he made it plain he felt ready for trial forthwith. Additionally, although there appears in the record no compelling need for appointment of advisory counsel, no reason appears why appointed counsel could not have served in that capacity, if the trial court thought it was required. The defendant had voiced no criticism of his counsel's performance, and counsel had not asked to be removed from the case.

Although it may be necessary in some cases to conduct a hearing to allow a defendant to show cause for a tardy request to proceed *pro se,* here, the defendant included the reasons for delay in addressing his request to the court. In denying his motion, the trial court implicitly rejected the defendant's representations concerning promises made by federal agents to secure dismissal of these charges. Yet, when the court later ruled on the pending motion to dismiss on these grounds, it found that the defendant's claim was sincere, but that the facts showed the agreement was directed toward charges in another case. Nevertheless, the sincerity of the defendant's belief that he had an agreement which would result in dismissal of this case is crucial to a determination of his purpose in making a late motion for self-representation.

Further, there is no basis in this record for the conclusion that the tardy motion was for the purpose of delay or to gain tactical advantage; neither is there any reason in the record to sustain a belief that granting the motion and proceeding to trial would hinder or obstruct the administration of justice. Accordingly, on retrial, the defendant must be allowed to represent himself. The appointment of advisory counsel shall be at the discretion of the trial court. *Reliford v. People,* 195 Colo. 549, 579 P.2d 1145 (1978).

## II.

Two arguments made by the defendant, if meritorious, would result in his discharge. We conclude that they lack merit.

### A.

■ The defendant argues that the trial court should have granted his motion to dismiss, the gist of which was that federal agents had agreed with the defendant to obtain a dismissal of these charges in exchange for information from the defendant about cases they were investigating. However, we need not consider whether an interjurisdictional immunity agreement is binding, *see, e.g., People v. Romero,* 745 P.2d 1003 (Colo.1987), *cert. denied,* 485 U.S. 990, 108 S.Ct. 1296, 99 L.Ed.2d 506 (1988), because the trial court here found as a fact that the agreement related to another charge against the defendant then pending in another courtroom. There is evidence in the record to support this finding, and it is, therefore, binding on appeal. *People v. Fish,* 660 P.2d 505 (Colo.1983).

### B.

■ We disagree with the defendant's assertion that there was insufficient evidence to support his conviction. Giving the prosecution the benefit of every reasonable inference from the evidence, as we must, *Kogan v. People,* 756 P.2d 945 (Colo.1988), we conclude that the testimony of the victim and her father was sufficient to support the conviction of sexual assault in the first degree. Only when a witness' testimony is "palpably incredible and ... totally unbelievable" may the appellate court reject it as a matter of law. *People v. Franklin,* 645 P.2d 1 (Colo.1982).

Moreover, the defendant's argument that "mere brandishing" of a weapon does not constitute "use" within the meaning of § 18–3–402(3)(c), C.R.S. (1986 Repl.Vol. 8B) is without merit. The victim testified that the defendant took the knife from its sheath and put it to her throat, and that this made her realize she could not fight him off. Here, as in *Powell v. People,* 716 P.2d 1096 (Colo.1986), more than mere possession of the weapon was shown.

## III.

Other arguments of the defendant are apt to arise on retrial. Accordingly, we address them here.

### A.

■ The defendant argues that the information on which the prosecution is based is constitutionally defective in that the charges are vague and uncertain and fail to give him adequate notice of the nature of the charges against him. We disagree.

An information is sufficient if it advises the defendant of the charges against him in

such a manner as to permit him to defend himself adequately and to assure that he cannot be prosecuted again for the same offense. *People v. Pratt,* 759 P.2d 676 (Colo.1988).

Here, count one was substantially in the language of § 18–3–402, C.R.S. (1986 Repl. Vol. 8B). The defendant was charged with first degree assault as described in § 18–3–402(1)(a), C.R.S. (1986 Repl.Vol. 8B) which was enhanced to a class 2 felony because it was attended by the circumstances set forth in § 18–3–402(3)(c), C.R.S. (1986 Repl.Vol. 8B). Thus, the information clearly was not defective.

Neither is the information defective because count two charges a crime of violence under § 16–11–309, C.R.S. (1986 Repl. Vol. 8A) contrary to the mandate of § 18–3–402(4), C.R.S. (1986 Repl.Vol. 8B). While imposition of the sentence for crime of violence was prohibited by § 18–3–402(4), it is not relevant in view of our reversal of the case. However, the charge should be dismissed prior to retrial, and sentence, in the event the defendant is again convicted, should be imposed under the provisions of § 18–1–105(9)(e), C.R.S. (1986 Repl.Vol. 8B).

### B.

■■■ The defendant also contends that the trial court erred in ruling that a 1973 prior conviction was admissible to impeach his credibility as a witness. He argues that the conviction was unconstitutionally obtained because his guilty plea was involuntary and coerced. As basis for these claims, the defendant contends that, in the 1973 prosecution, the nature and elements of the charges were not explained to him and that he did not understand the charges, and he asserts that the coercion arose from threats of persons in positions of authority to incarcerate his pregnant wife.

The trial court denied his motion to exclude evidence of the 1973 conviction, stating that the documentation of the conviction revealed that the court in that proceeding had explained the charges to defendant and that he was represented by counsel who was assumed to have explained the

charges. The court further ruled that there was no coercion because the defendant's wife had been released from jail prior to his entry of a plea.

■■■ When attacking the validity of a prior conviction, a defendant must make a prima facie showing that the challenged conviction was unconstitutionally obtained. *Lacy v. People,* 775 P.2d 1 (Colo.1989). Only after such a showing does the burden shift to the People to establish by a preponderance of the evidence that the conviction was obtained in accordance with the defendant's constitutional rights. *People v. Hrapski,* 718 P.2d 1050 (Colo.1986).

Here, the record supports the trial court's finding that defendant's wife had been released from jail prior to the reception of his plea. Moreover, the defendant offered no transcript of the proceedings at which his guilty plea was entered, and, under these circumstances, the trial court was justified in accepting as true the recitation of the trial judge in the official documents of the federal court. It was within the prerogative of the trial court to accept or reject the testimony of the defendant, and appellate courts are bound by such determinations of the fact-finder. *People v. Fish, supra.* Hence, the defendant failed to sustain his burden to make a prima facie case.

### IV.

We decline to review other issues raised by the defendant in his *pro se* briefs in this court for various reasons. Some of the issues have become academic because of the result we reach. Others deserve a brief explanation.

### A.

For several reasons, we do not review the defendant's argument that he was inadequately represented by counsel at his preliminary hearing. A transcript of that hearing was not included in the record, though the hearing was transcribed and made available to the defendant. Moreover, the purpose of a preliminary hearing is to determine the existence of probable

cause, *People v. Stewart,* 739 P.2d 854 (Colo.1987), and the defendant here does not raise that issue for review.

Other issues concerning the effective assistance of counsel are now moot.

### B.

 The defendant contends in his *pro se* brief that the case is "tainted" by police misconduct in the preparation of two police reports mandating a new trial. We agree with the People that, if such an issue exists, it was waived in the trial court by the defendant's extensive use of the police reports during cross-examination of the victim and by the defendant's failure to raise an issue in the trial court concerning police misconduct. An appellate court is not a fact-finding body, and if the defendant wishes to pursue this contention on retrial, it should be raised at the appropriate time in the trial court.

The judgment is reversed, and the cause is remanded with directions to dismiss count two and to grant the defendant a new trial at which he may act as his own counsel.

NEY and PLANK, JJ., concur.