OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
We agree with the Appellate Division that the sentencing court acted properly in requiring defendant to make restitution in the amount of $500.34 to Nassau County for costs that resulted from injuries caused by defendant to a police officer (see, People v Hall-Wilson, 69 NY2d 154). In Hall-Wilson, we *998 held that defendant’s employer was entitled to restitution as a victim within the meaning of Penal Law § 60.27 for the amount that the employer was legally obligated to pay to its customer because of the fire set by defendant while acting on his employer’s business. Here, the Nassau County Police Department, the employer of the injured off-duty police officer, became legally obligated to incur expenses for medical costs and sick leave because of injuries sustained by the police officer in attempting to effect the arrest of defendant for a burglary. In this case, as in Hall-Wilson, the expenses for which reimbursement are sought were not voluntarily incurred, but stem from legal obligations that are directly and causally related to the crime. This fact differentiates this case from those holding that voluntarily incurred expenses of law enforcement are not reimbursable under Penal Law § 60.27 (see, People v Purcell, 161 AD2d 812 [vacating order requiring restitution to County for cost of prosecuting defendant]; People v Rowe, 152 AD2d 907 [vacating order requiring restitution of "buy money” expended by police department]).
We find no merit in defendant’s other contentions, including his argument that the court improperly directed restitution to Allstate Insurance Co. for the amount paid for the burglary loss.