**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

v.

**James BOLTON, Defendant–Appellant.**

**No. 91CA2077.**

Colorado Court of Appeals, Div. II.

July 1, 1993.

Rehearing Denied Aug. 26, 1993.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Paul Koehler, Asst. Atty. Gen., Denver, for plaintiff-appellee.

John R. Olsen, Boulder, for defendant-appellant.

Opinion by Judge PIERCE.

Defendant, James P. Bolton, appeals from a judgment of conviction entered upon a jury verdict finding him guilty of two counts of sexual assault on a child. We affirm.

### I.

On appeal, defendant contends that the trial court erred in denying his pretrial motion to proceed *pro se* without conducting a meaningful inquiry to determine whether he had made a knowing, intelligent, and voluntary waiver of counsel. Instead, he contends, the trial court improperly relied upon his lack of legal expertise as grounds for denial of the motion. We disagree.

■ Criminal defendants are constitutionally guaranteed the right to self-representation. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *People v. Romero*, 694 P.2d 1256 (Colo. 1985); Colo. Const. art. II, § 16. However, in order to assert that right, a defendant must make an unequivocal request to waive counsel and proceed *pro se*. If such a request is stated in uncertain terms, it cannot be considered a demand for self-representation, nor can it properly be considered a waiver of the Sixth Amendment right to counsel. *People v. Mogul*, 812 P.2d 705 (Colo.App.1991).

■ If a defendant makes an unequivocal demand for self-representation, the court must engage the defendant in a dialogue to explain the consequences of the proceeding *pro se* and the dangers and disadvantages of self-representation, and to determine if the waiver of the right to counsel is knowing, voluntary, and intelligent. *See Faretta v. California, supra; People v. Arguello*, 772 P.2d 87 (Colo.1989).

■ Here, at a pretrial hearing on January 17, 1991, defendant indicated that he wished to waive his right to counsel and proceed *pro se*. Pursuant to *Faretta* and *Arguello*, the trial court then inquired as to defendant's understanding of the proceedings and dangers of self-representation. However, following the advisement, defendant recanted: "When I asked for *pro se*, that was only for today, but not to go through a trial *pro se*."

At a subsequent pretrial hearing held on April 4, 1991, defendant again moved to proceed *pro se* and was advised as to the consequences of proceeding *pro se*. At the conclusion of the advisement, the trial court asked whether defendant wished to proceed *pro se*, at which time he responded:

"No, I'm not asking you to accept my waiver of the right to an attorney. I'm asking to be able to speak in my own defense along with the attorney."

Because he explicitly indicated that he wished to have counsel present, we cannot conclude that defendant unequivocally waived his right to counsel. *See People v. Mogul, supra.* Therefore, we perceive no error in the trial court's refusal to permit defendant to proceed *pro se. See People v. Romero, supra* (there is no constitutional right to have advisory counsel appointed).

## II.

Defendant next contends that the trial court erred in failing to suspend the proceedings against him in order to determine whether he was competent to stand trial after it ruled at trial that he was not competent to knowingly, intelligently, and voluntarily waive counsel. Again, we disagree.

■ A criminal defendant is competent to stand trial if he is capable of understanding the nature and course of the proceedings against him and of participating and assisting in his defense and cooperating with defense counsel. *People v. Morino,* 743 P.2d 49 (Colo.App.1987).

■ Previously, we have recognized that subjecting an accused to trial when he is incompetent constitutes a denial of due process. *People v. Matthews,* 662 P.2d 1108 (Colo.App.1983). Accordingly, whenever a "bona fide doubt" as to a defendant's competence to proceed exists, the court must suspend criminal proceedings and make a preliminary finding as to whether the defendant is competent to proceed or, if insufficient information is available for such a finding, order a competency examination. *People v. Matthews, supra;* § 16–8–111, C.R.S. (1986 Repl.Vol. 8B).

■ Because the trial court has the opportunity to observe firsthand the defendant, his actions, and his general demeanor, it enjoys substantial discretion in determining whether an issue of competence has been raised. *People v. Morino, supra.*

Here, defendant raised the issue of his competence to proceed prior to trial, and, following an examination by a court-appointed psychiatrist, defense counsel conceded that defendant was competent to stand trial. Defendant does not challenge the sufficiency of these pretrial procedures.

At trial, defendant again moved to proceed *pro se* and, during the trial court's advisement, stated that he had taken some "antibiotics" which impaired his ability to think clearly. Based upon this response, the trial court denied the motion, stating that:

> I'm not going to proceed further, because I do not believe that I could conclude that if you were under the influence of some medication that impairs your thought processes, that you are voluntarily waiving your right to an attorney. So under these circumstances, I think that any further discussion is moot here.

The trial court conducted no further inquiry into whether defendant had *actually* taken medication or whether such medication affected his thought processes.

■ Contrary to defendant's suggestion, the trial court's ruling does not constitute a finding that defendant was incompetent to waive counsel. Rather, our reading of the record reveals that the trial court rejected the motion based solely upon the answers provided by defendant, *without* making findings of fact.

Furthermore, under the circumstances of this case, we conclude that the trial court was not *required* to make specific findings as to defendant's competence in ruling on his motion to proceed *pro se.*

First, in light of the trial court's prior finding of competence, defendant's statement concerning the effects of the "antibiotics," standing alone, was not sufficient to raise a "bona fide doubt" as to his competence to stand trial. *See People v. Matthews, supra.* Therefore, the trial court did not abuse its discretion in failing to suspend the proceedings to determine defendant's competence.

Second, under the circumstances of this case, we are convinced that defendant's motion was an attempt to delay the proceedings against him rather than a legitimate assertion of his right to self-representation. Therefore, the trial court did not abuse its discretion in rejecting defendant's motion without making findings of fact regarding his competence to waive the right to counsel.

A criminal defendant may not assert the right to self-representation solely to impede the efficient administration of justice. *People v. Mogul*, 812 P.2d 705 (Colo.App.1991). In exercising its discretion to grant or deny a defendant's request to proceed *pro se*, particularly if such a request is made after the commencement of trial, the court must determine whether the request was made for purposes of delay or to gain tactical advantage. *People v. Mogul, supra.*

Here, the record amply supports the conclusion that defendant requested to proceed *pro se* for the sole purpose of delaying the trial. Indeed, at one point in the proceedings, the trial court specifically stated that:

I've had some ample experience with Mr. Bolton, and it is my impression that he is very adept at manipulating the system and very adept at raising issues at what would otherwise appear to be inopportune moments.

As noted above, prior to trial defendant filed two motions to proceed *pro se* although he later stated that he wished to have counsel present. At the conclusion of the first day of trial, defendant uttered numerous epithets at the trial court as he left the courtroom and stated that he would "disrupt this motherfucker tomorrow." The next morning, defendant again moved to dismiss counsel and to proceed *pro se*, although he asserted no inadequacy of his court-appointed counsel or other good cause for the motion.

Thus, under these circumstances, the trial court did not err in denying defendant's motion without making detailed findings of fact. *See People v. Mogul, supra.*

## III.

Next, defendant contends that the trial court erred in failing to inquire into the reasons behind his motion to dismiss counsel and appoint effective counsel. We perceive no error.

A criminal defendant is guaranteed the right to reasonably effective assistance of counsel. *People v. Norman*, 703 P.2d 1261 (Colo.1985); Colo. Const. art. II, § 16.

If an indigent defendant voices objections to court-appointed counsel, the trial court has the obligation to inquire into the reasons for the dissatisfaction to determine whether substitution of counsel is warranted. If the defendant establishes "good cause" for dismissal, the court must provide substitute counsel. *People v. Arguello*, 772 P.2d 87 (Colo.1989).

Here, defendant alleged in his motion to dismiss counsel and appoint effective counsel that his court-appointed counsel had failed to interview witnesses and adequately research his defense, that a conflict of interest existed between him and his counsel, and that his counsel had failed to communicate with him concerning the status of the case.

Although disagreements as to strategy between the defendant and counsel ordinarily do not constitute ineffective assistance, *see People v. Tackett*, 742 P.2d 957 (Colo.App.1987), each of the allegations in defendant's motion, if established, would constitute "good cause" for substitution of counsel. *See People v. Cole*, 775 P.2d 551 (Colo.1989) (failure to interview witnesses, conduct legal research, and prepare for trial); *People v. Castro*, 657 P.2d 932 (Colo. 1983) (a conflict of interest may constitute ineffective assistance); *Stroup v. People*, 656 P.2d 680 (Colo.1982) (failure to keep defendant advised).

Nevertheless, the burden of establishing ineffective assistance of counsel lies with the defendant, and a conviction will not be set aside unless defendant can show a denial of fundamental fairness. *See Peo-*

*ple v. Benney,* 757 P.2d 1078 (Colo.App. 1987).

■ On appeal, defendant relies solely on the failure of the trial court to hold a hearing on his motion; he does not contend that he received ineffective representation at trial, nor has he asserted that he was denied fundamental fairness. Therefore, the trial court's failure to inquire as to the reasons for defendant's dissatisfaction with his court-appointed counsel was, if error, harmless.

### IV.

Next, defendant contends that the trial court erred in admitting hearsay statements of the victim over his objections. He contends that, pursuant to § 13–25–129, C.R.S. (1987 Repl.Vol. 6A), whenever hearsay statements of a child-victim are offered into evidence, the prosecution must provide the defendant notice of its intention to offer the statements and the trial court must make specific findings as to reliability of the statements and provide the jury with a cautionary instruction prior to admitting the statements. Because these procedural safeguards were not followed, defendant contends his conviction must be reversed. We disagree.

### A.

Section 13–25–129(1), C.R.S. (1987 Repl. Vol. 6A) provides that an out-of-court statement of a child describing acts of sexual contact performed "with, by, on, or in the presence of the child declarant" is admissible if:

(a) The court finds in a hearing conducted outside the presence of the jury that the time, content and circumstances of the statement provide sufficient safeguards of reliability; and

(b) The child either:

(I) Testifies at the proceedings;

or

(II) Is unavailable as a witness and there is corroborative evidence of the act which is the subject of the statement.

In addition, the prosecution must provide the defendant with prior notice of its intention to introduce such statement. Section 13–25–129(3), C.R.S. (1987 Repl.Vol. 6A).

If statements of a child declarant are admitted under this statute, the court must instruct that:

[I]t is for the jury to determine the weight and credit to be given the statement and that, in making the determination, it shall consider the age and maturity of the child, the nature of the statement, the circumstances under which the statement was made, and any other relevant factor.

Section 13–25–129(2), C.R.S. (1987 Repl.Vol. 6A).

■ By its own terms, § 13–25–129 is controlling only to child hearsay which is "not otherwise admissible by a statute or court rule which provides an exception to the objection of hearsay." Section 13–25–129(1), C.R.S. (1987 Repl.Vol. 6A). If the child's hearsay statement is *specifically admissible* under another statute or court rule which provides an exception to the hearsay rule, then § 13–25–129 is not applicable. *People v. Diefenderfer,* 784 P.2d 741 (Colo.1989); § 13–25–129(1).

Thus, contrary to defendant's suggestion, § 13–25–129 is not controlling in every instance in which child hearsay is admitted. *See People v. Galloway,* 726 P.2d 249 (Colo.App.1986) (in prosecution for sexual assault on a child, victim's statements to his mother were admissible hearsay under *either* CRE 803(2) *or* § 13–25–129).

However, if a child's hearsay statement would be admissible only under § 13–25–129 or the residual hearsay exceptions of CRE 803(24) or CRE 804(b)(5), our supreme court has recognized that the more specific statute, § 13–25–129, is controlling, as the residual exceptions contain different requirements for the admission of hearsay. *See People v. Bowers,* 801 P.2d 511 (Colo. 1990).

■ Here, although the prosecution initially filed a motion in limine to admit hearsay statements of the child-victim under § 13–25–129 and CRE 803(24), it later with-

drew that motion, stating that it was not moving to admit evidence of hearsay pursuant to § 13–25–129. In addition, the prosecution specifically expressed its intention to offer the statements under *"other hearsay exceptions* that do not require a hearing." (emphasis added)

Thus, because the prosecution did not seek to admit the statements of the child-victim under § 13–25–129, the procedural requirements of that statute were inapplicable. *People v. Diefenderfer, supra.*

## B.

At trial, hearsay statements of the child-victim concerning the assault against her and her identification of the defendant were admitted into evidence through the testimony of three police officers and through the testimony of the victim's father.

Although defendant did not object to the officers' testimony, he requested an offer of proof as to the father's testimony. However, the trial court did not rule on the request, and defendant did not object during the father's testimony.

■ Thus, because defendant failed to object contemporaneously to the admission of the child-victim's hearsay statements at trial, we must review the admission of the statements under a "plain error" standard. *See People v. Koon,* 724 P.2d 1367 (Colo. App.1986).

■ Under this standard, we must determine whether, after reviewing the entire record, the alleged error so undermined the fundamental fairness of the trial itself as to cast serious doubt on the reliability of the judgment of conviction. *Wilson v. People,* 743 P.2d 415, 420 (Colo.1987). We find no reversible error.

■ The hearsay statements offered through the officers and the father were cumulative with the victim's own in-court testimony concerning the circumstances of the assaults and the identity of the defendant. *See Williams v. People,* 724 P.2d 1279 (Colo.1986).

The jury also heard expert testimony from a forensic serologist who discovered the presence of semen in vaginal swabs taken from the victim, although the sample was not large enough to determine the identity of the person who produced it. In addition, the prosecution presented evidence that defendant's fingerprints were discovered on the victim's window.

Thus, in light of the overwhelming evidence against defendant, we conclude that the admission of the victim's hearsay statements was not reversible error. *See Wilson v. People, supra.*

## V.

■ Next, defendant contends that the trial court erred in instructing the jury that the exact dates of the alleged assaults "need not be proved." Because he was charged with two separate counts, he contends that the jury should have been required to determine the date of each alleged offense in order to avoid conviction on both counts for one "continuing criminal episode." Further, because the jury was not given the date that the information was filed against him, defendant contends that he could have been convicted of an offense which occurred beyond the applicable ten-year statute of limitations contained in § 18–3–411(2), C.R.S. (1986 Repl.Vol. 8B). We are not persuaded.

At trial, the jury was instructed as follows:

> You are instructed that the exact dates as alleged in the information need not be proved, and that it is sufficient that the evidence proved that the acts charged were actually committed within ten (10) years prior to the filing of the information.

This instruction was specifically approved by our supreme court in *Jordan v. People,* 161 Colo. 54, 419 P.2d 656 (1966), *cert. denied,* 386 U.S. 992, 87 S.Ct. 1308, 18 L.Ed.2d 338 (1966), and by this court in *People v. Green,* 658 P.2d 281 (Colo.App. 1982). It has been disapproved of only when there is a single charge, the evidence discloses several transactions, and the pros-

ecution has made no election as to which transaction it is relying upon. *See, e.g., People v. Estorga,* 200 Colo. 78, 612 P.2d 520 (1980).

Here, each count against defendant was based upon a separate incident and was supported by independent evidence. The first assault was alleged to have occurred in March 1983, when defendant approached the seven-year-old victim as she was playing near her home. The second assault allegedly occurred on August 11, 1986, when defendant broke into the victim's home and assaulted her.

Because the evidence establishes two different incidents separated by a number of years, we conclude the jury could not have convicted defendant of two separate counts for a single criminal episode. In addition, because defendant was tried in 1991, we find no risk that the jury, based upon the evidence presented at trial, could have concluded that the assaults occurred outside the applicable ten-year statute of limitations. Therefore, we find no error in the trial court's instruction to the jury. *See People v. Green, supra.*

We have reviewed defendant's remaining contentions on appeal and find them to be without merit.

The judgment of the trial court is affirmed.

REED and BRIGGS, JJ., concur.