The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Kenneth SHEPARD, Defendant–Appellant.

No. 97CA2274.

Colorado Court of Appeals, Div. V.

March 4, 1999.

Rehearing Denied April 15, 1999.

Certiorari Denied Nov. 8, 1999.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Lauren A. Edelstein, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee.

Law Office of Ann L. Sussman, Ann L. Sussman, Denver, Colorado, for Defendant-Appellant.

Opinion by Judge DAVIDSON.

Defendant, Kenneth Shepard, appeals from the judgment of conviction entered upon jury verdicts finding him guilty of aggravated motor vehicle theft and theft. He also appeals from the modified order of restitution entered by the trial court. We affirm the judgment of conviction, vacate the modified order of restitution, and remand the case for further proceedings.

On January 5, 1997, the victim left his car running with the keys in the ignition and it was stolen. Although the car was returned, personal items of the victim that had been left in the car were missing. Some days later, defendant was arrested for the theft after he was involved in an accident while driving another stolen vehicle and the victim's identification was found in his possession.

I.

Defendant first contends that the trial court erred in refusing to allow him to represent himself. He argues further that, at a minimum, the court was obliged to inquire of him whether he understood the consequences of proceeding *pro se* and to determine whether he should be allowed to so proceed. We disagree.

A person accused of a crime is entitled to represent himself or herself. The grant or denial of a defendant's request to so proceed lies within the discretion of the trial court. *People v. Mogul,* 812 P.2d 705 (Colo. App.1991).

A request for self-representation must be unequivocal. If the request is stated in uncertain terms or in an uncertain manner, it cannot be regarded as a demand for self-representation, nor can it be considered a waiver of the defendant's right to counsel under the Sixth Amendment. *People v. Mogul, supra.*

If a defendant makes an unequivocal demand to represent himself or herself, the trial court must determine whether the demand constitutes a valid, knowing, and voluntary waiver of the right to counsel. In making this determination, the court must take into account the circumstances surrounding the request, including the defendant's reason for the request. *People v. Barnes,* 636 P.2d 1323 (Colo.App.1981).

Here, prior to defendant's arraignment hearing, the trial court informed him that his attorney had moved to withdraw from the case because of a conflict of interest and that the court would appoint another attorney to represent defendant. Although defendant stated that he was ready to continue pro se, the court told defendant it would appoint another attorney. Defendant did not object to this appointment. The record indicates that defendant was confused about what was happening that day but had stated that he was willing to proceed with the hearing without an attorney present.

Later, newly appointed defense counsel sought to withdraw from the case and informed the trial court that defendant had said that he would feel more comfortable with another attorney. Defendant made no request to represent himself. The motion to withdraw was denied.

Defense counsel subsequently filed a new motion to withdraw that was granted. Defendant then waived his right to speedy trial in order for the court to appoint a new attorney. Again, defendant made no request to proceed *pro se.*

In light of defendant's apparent state of mind at the pre-arraignment hearing and his subsequent actions, we conclude that defendant did not make an unequivocal request for self-representation, and therefore, the trial court did not err in failing to make a ruling. *See People v. Davis,* 851 P.2d 239 (Colo.App. 1993) (where defendant expressed willingness to proceed *pro se* one time but did not repeat that offer, the trial court was not confronted with a request for self-representation).

## II.

We also disagree with defendant's contention that the trial court improperly admitted evidence of other bad acts under CRE 404(b).

### A.

Although evidence of other crimes, wrongs, or other acts is not admissible to prove a defendant's character in order to show that he or she acted in conformity therewith, such evidence may be admitted for other valid purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *People v. Spoto,* 795 P.2d 1314 (Colo.1990).

In determining whether such evidence is admissible under CRE 404(b), the trial court should consider whether: 1) the proffered evidence relates to a material fact in question; 2) the evidence is logically relevant; 3) such relevance is independent of the inference that defendant has acted in conformity with a bad character; and 4) the probative value is substantially outweighed by the danger of unfair prejudice to the defendant. *People v. Spoto, supra.*

Here, the prosecution, in order to show motive, intent, plan, identity, and absence of mistake or accident, sought to admit evidence that defendant had stolen another car, from a location near the first theft and his home, under similar circumstances, within four days of the time the victim's car had been taken. Both cars were left unattended with their motors running and with the keys

in the ignition at the time of the thefts. While driving the second car, defendant was involved in an accident following a high-speed chase. Defendant then gave the investigating officer the victim's name as his own and had the victim's driver's license with him.

The trial court determined that the evidence of the other car theft with its attending circumstances was admissible and relevant to the contested issue of identity. We agree.

■ Here, the issue of identification was disputed. Evidence relating to defendant's identity, therefore, was material and relevant. The fact that the victim's driver's license was found in defendant's possession after the victim's car had been stolen and that defendant identified himself by the victim's name, was relevant to the identity of the person who had committed the offense. The methods used in committing the thefts of the two cars were sufficiently similar to render the evidence admissible. Further, the trial court gave a limiting instruction before each witness' testimony concerning this evidence. Thus, the probative value of this evidence was not substantially outweighed by the danger of unfair prejudice. *See People v. Vialpando,* 954 P.2d 617 (Colo.App.1997) (proper limiting instruction alleviates danger of unfair prejudice).

### B.

■ Defendant asserts that, even if the evidence is admissible under CRE 404(b), the trial court's limiting instruction was insufficient to prevent unfair prejudice to him. Specifically, he argues that the day before the evidence of the second theft and high-speed chase was presented, a Denver police officer was killed in a high-speed chase. Therefore, he argues, the evidence of the high-speed chase in which he was involved became highly prejudicial and should have been excluded. Again, we disagree.

Here, defendant did not object to the limiting instruction, but objected to a police officer's testimony that defendant had been involved in a high-speed chase. The trial court overruled his objection, but offered to give a special limiting instruction to the jurors that the high-speed chase in Denver should not influence their deliberations. Defendant declined the instruction.

That certain events occurred during the trial does not change the fact that the trial court properly admitted the evidence for a limited purpose. Because defendant did not object to the limiting instruction given to the jury and declined the giving of a special limiting instruction, and because we presume the jury followed the court's instruction concerning the limited use for which the evidence was presented, we perceive no error. *See Peltz v. People,* 728 P.2d 1271 (Colo.1986) (presumption that jury follows court's instructions).

### III.

Defendant also contends that the trial court erred in modifying the order of restitution and increasing the amount of restitution he is required to pay without a hearing. We agree.

■ A trial court is obliged to order a defendant to pay restitution and fix the amount of the restitution as a part of the judgment at the time of sentencing. *People v. Johnson,* 780 P.2d 504 (Colo.1989).

■ The court has broad discretion in determining the appropriate terms of a restitution order, and absent an abuse of discretion, the court's order will not be disturbed on appeal. *People v. Estes,* 923 P.2d 358 (Colo.App.1996).

■ Here, at the time of sentencing, the court ordered defendant to pay restitution in the amount of $1,145 to compensate the victim for his loss as a result of defendant's criminal conduct. This amount reflected the amount requested by the prosecution on the victim's behalf and was supported by evidence presented at the sentencing hearing. The prosecution did not indicate that restitution might have to be modified. Although the trial court could have deferred determination of the amount of restitution to be imposed subject to a later hearing, it did not do so.

Subsequently, the prosecution filed a motion to modify the order of restitution based

on its claim that the victim's vehicle had been damaged by defendant. Defendant objected to the motion, arguing that no evidence had been presented in support of the claimed damage and that the court had no statutory authority to increase the amount of restitution ordered.

Although the People do not dispute that no hearing was held, they contend that the appropriate remedy for this error is to remand the case for a hearing. We conclude that the court was prohibited from modifying the order of restitution once a legal sentence was imposed and defendant began serving it.

## A.

 Although one of the purposes of an order of restitution is to make the victim whole, *People v. Estes, supra,* restitution primarily is considered a part of the criminal sentence because the payment of restitution advances the rehabilitative and deterrence purposes of the sentencing scheme. Thus, an order of restitution, as a part of the criminal sentence, may be considered punitive in nature. *People v. Milne,* 690 P.2d 829 (Colo.1984) (order requiring restitution as a condition of probation is as much a part of the criminal sentence as a fine or other penalty); *People v. Maxich,* 971 P.2d 268 (Colo. App.1998); see also *Harris v. State,* 261 Ga. 859, 860, 413 S.E.2d 439, 441 (1992) ("restitution is inextricably linked to the punitive aspects of the offender's sentence"); *People v. Hall–Wilson,* 69 N.Y.2d 154, 513 N.Y.S.2d 73, 505 N.E.2d 584 (1987) (restitution is an effective rehabilitative penalty because it forces defendants to take responsibility for the harm they have inflicted). *Cf. People v. Smith,* 754 P.2d 1168 (Colo.1988) (pending civil suit between defendant and victim does not relieve court of its duty to order restitution); *People v. King,* 648 P.2d 173 (Colo. App.1982) (restitution is not a substitute for civil action to recover damages).

## B.

 The Double Jeopardy clauses of the United States and Colorado constitutions protect an accused from being twice punished for the same offense. For this reason, a trial court is prohibited from increasing a legal sentence once it has been imposed and a defendant has begun serving it. *See Witte v. United States,* 515 U.S. 389, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995); *Righi v. People,* 145 Colo. 457, 359 P.2d 656 (1961); *People v. Sandoval,* 974 P.2d 1012 (Colo.App. 1998).

Similarly, an order increasing the amount of restitution has the effect of increasing the punishment originally imposed. Therefore, because restitution is a part of the criminal sentence, once a legal sentence is imposed and a defendant has begun serving it, an increase in the amount of restitution ordered also violates the constitutional prohibition against double jeopardy. *See Kirkland v. State,* 575 So.2d 1315 (Fla.Dist.Ct.App.1991) (increase in amount of restitution as a part of a legal sentence is an impermissible enhancement); *Harris v. State, supra* (an increase in restitution violates the prohibition against double jeopardy); *State v. Cockerham,* 118 Ohio App.3d 767, 694 N.E.2d 95 (1997) (court did not have authority to modify valid sentence by increasing amount of restitution to be paid); *State v. Bailey,* 701 S.W.2d 632 (Tenn.Crim.App.1985). But see *State v. Foy,* 176 Ariz. 166, 859 P.2d 789 (Ariz.Ct.App. 1993) (because statute allows imposition of restitution in addition to any sentence imposed and objectives of repayment in full to victim of crime and rehabilitation of defendant are best achieved when defendant is required to pay full amount of loss to victim, order may be modified later to reflect those losses more accurately).

Here, it is undisputed that defendant's sentence, imposed November 14, 1997, is valid. The prosecution's motion to increase restitution was filed after defendant had begun serving the sentence imposed. At that point, because the sentence, including the amount of restitution, had been set, and defendant had begun serving that sentence, the trial court could not increase the amount of restitution without violating defendant's right not to be placed in jeopardy twice for the same offense. Therefore, the order modifying restitution is void and must be vacated.

The judgment of conviction is affirmed; the order increasing the amount of restitu-

tion to be paid is vacated; and the cause is remanded for further proceedings consistent with the views expressed herein.

Judge BRIGGS and Judge VOGT concur.