**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**Marco COMPAN, Defendant–Appellant.**

**No. 02CA1469.**

Colorado Court of Appeals,
Div. V.

May 20, 2004.

Certiorari Granted Oct. 25, 2004.*

---

* Justice HOBBS does not participate.

Ken Salazar, Attorney General, Deborah Isenberg Pratt, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

David S. Kaplan, Colorado State Public Defender, Todd Johnson, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge RUSSEL.

Defendant Marco Compan appeals his conviction for third degree assault. We affirm the judgment.

This case arises from an incident of domestic abuse that occurred in August 2001. On the day of the incident, defendant's wife (the victim) called a friend and said that defendant was angry and yelling at her. The victim asked her friend to drive over and pick her up. The friend agreed. The victim called back approximately fifteen minutes later and said, "Come pick me up. He already hurt me. I'm ready. I'll be waiting for you in the back."

The friend drove for about fifteen minutes, picked up the victim, and returned home. During the ride, the victim was upset and agitated. She said that defendant had punched and kicked her, thrown her against a wall, and pulled her hair. After arriving at the friend's home, the victim began to calm down. Shortly thereafter, the friend took the victim to a hospital, where the victim spoke with police and saw a doctor. The victim told the doctor that defendant had hit, kicked, pinched, and pushed her.

The victim did not testify at defendant's trial. Her friend was allowed to testify about the victim's statements under CRE 803(2), the excited utterance exception to the hearsay rule. The doctor was allowed to testify about the victim's statements under CRE 803(4), the exception for statements made for the purpose of medical diagnosis and treatment.

On appeal, defendant challenges hearsay statements presented through the testimony of both witnesses.

### I.  Testimony of Victim's Friend

Defendant contends that the trial court committed reversible error when it admitted the hearsay testimony of the victim's friend. Defendant argues that the statements were not admissible as excited utterances under CRE 803(2).  And he argues that the testimony violated his confrontation rights under the federal and state constitutions.

We address these arguments in turn.

### A.  Excited Utterance Exception

■  The trial court admitted statements that the victim made on the telephone and during the drive to the friend's home.  But the court excluded statements that the victim made after she had regained her composure.

Defendant contends that the earlier statements should have been excluded as well. We disagree.

■  An excited utterance is a "statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."  CRE 803(2).  There are three requirements for admissibility under this exception:  (1) the event must be sufficiently startling to render normal reflective thought processes of the observer inoperative;  (2) the statement must be a spontaneous reaction to the event;  and (3) direct or circumstantial evidence must exist to allow the jury to infer that the declarant had the opportunity to observe the startling event.  *People v. Martinez*, 83 P.3d 1174, 1177 (Colo.App.2003).

Defendant challenges only the second requirement, noting that the victim's statements were made at least fifteen minutes after the incident.

■  The trial court is in the best position to consider the effect of the startling event on the declarant and is therefore accorded wide discretion in determining admissibility under the excited utterance exception. *People v. Martinez, supra.*  The excited utterance exception has been liberally interpreted to extend to statements made following a lapse of time after the startling event itself.  There is no firm time limit because the duration of stress will obviously

vary with the intensity of the experience and the "emotional endowment" of the declarant. *People v. Stephenson*, 56 P.3d 1112, 1116 (Colo.App.2001).

■  Factors to be considered in determining whether the statement was spontaneous include (1) the lapse of time between the startling event and the out-of-court statement, (2) whether the statement was made in response to an inquiry, (3) whether the statement was accompanied by outward signs of excitement or emotional distress, and (4) the choice of words employed by the declarant to describe the experience.  *Canape v. Peterson*, 878 P.2d 83, 87 (Colo.App.1994), *aff'd,* 897 P.2d 762 (Colo.1995).

Here, we cannot say that the court abused its discretion in admitting the victim's statements under the excited utterance exception. The record indicates that, during the telephone calls, the victim was crying and using broken speech.  Similarly, during the ride back to the friend's home, the victim was biting her nails, shaking, and crying.  She acted frightened and repeated herself as she spoke.  Thus, the record supports the trial court's conclusion that the victim was still under the stress of the event when she made the statements.

### B.  Constitutional Right of Confrontation

Defendant next argues that admission of the hearsay statements violated his rights (1) to be "confronted with the witnesses against him" guaranteed by the Sixth Amendment and made applicable to the states by the Fourteenth Amendment of the United States Constitution, and (2) to "meet the witnesses against him face to face," guaranteed by article II, § 16 of the Colorado Constitution. We again disagree.

### 1.  Federal Confrontation Analysis under *Crawford*

Until recently, the constitutional admissibility of hearsay statements was determined according to the two-prong test of *Ohio v. Roberts*, 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980).  Under this test, a court could admit statements made by a declarant who did not testify if the prosecution showed

that (1) the declarant was unavailable and (2) the statements were reliable, either because they fell within a "firmly rooted" hearsay exception or because they bore "particularized guarantees of trustworthiness." *Roberts, supra*, 448 U.S. at 66, 100 S.Ct. at 2539. Later, the Court refined the *Roberts* test, dispensing with the need to show unavailability when the declarant's statements fell within a firmly rooted exception. *See White v. Illinois*, 502 U.S. 346, 356, 112 S.Ct. 736, 743, 116 L.Ed.2d 848 (1992) (discussing *United States v. Inadi*, 475 U.S. 387, 395, 106 S.Ct. 1121, 1126, 89 L.Ed.2d 390 (1986)).

■ But in *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), the Supreme Court abrogated *Roberts* and adopted a new test for determining whether hearsay testimony will violate the defendant's constitutional right of confrontation. The Court ruled that "testimonial" statements by a witness not present at trial may only be admitted if the witness (1) is unavailable and (2) was subject to cross-examination when the statement was made. *Crawford v. Washington, supra*, — U.S. at ——, 124 S.Ct. at 1369. Although not decided until after defendant was tried and sentenced, *Crawford* nevertheless applies to defendant's direct appeal. *See Griffith v. Kentucky*, 479 U.S. 314, 322, 107 S.Ct. 708, 713, 93 L.Ed.2d 649 (1987) (failure to apply a newly declared constitutional rule to criminal cases pending on direct review violates basic norms of constitutional adjudication).

On its face, the rule of *Crawford* is simple and easy to apply. But courts will encounter difficulty, for a time at least, with the threshold determination of whether the out-of-court statements are "testimonial." The concept is not well-developed in the law, and the *Crawford* majority declined to give a precise definition. *See Crawford v. Washington, supra*, — U.S. at ——, 124 S.Ct. at 1374 ("We leave for another day any effort to spell out a comprehensive definition of 'testimonial.' ").

Fortunately, however, the *Crawford* majority provided some guidance. The Court listed several "formulations" of the "core class" of testimonial statements:

Various formulations of this core class of "testimonial" statements exist: "*ex parte* in-court testimony or its functional equivalent—that is, material such as affidavits, custodial examinations, prior testimony that the defendant was unable to cross-examine, or similar pretrial statements that declarants would reasonably expect to be used prosecutorially," "extrajudicial statements ... contained in formalized testimonial materials, such as affidavits, depositions, prior testimony, or confessions," [and] "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." These formulations all share a common nucleus and then define the Clause's coverage at various levels of abstraction around it. Regardless of the precise articulation, some statements qualify under any definition—for example, *ex parte* testimony at a preliminary hearing.

Statements taken by police officers in the course of interrogations are also testimonial under even a narrow standard.

*Crawford v. Washington, supra*, — U.S. at ——, 124 S.Ct. at 1364 (citations omitted; quoting appellate briefs and *White v. Illinois, supra*, 502 U.S. at 365, 112 S.Ct. at 747 (Thomas, J., concurring)).

And the Court made several references to hearsay that apparently would not qualify as testimonial. These references included (1) "[a]n off-hand, overheard remark" and "a casual remark to an acquaintance," — U.S. at ——, 124 S.Ct. at 1364; (2) "business records or statements in furtherance of a conspiracy," — U.S. at ——, 124 S.Ct. at 1367; and (3) "statements made unwittingly to an FBI informant," — U.S. at ——, 124 S.Ct. at 1368 (citing *Bourjaily v. United States*, 483 U.S. 171, 181–84, 107 S.Ct. 2775, 2781–83, 97 L.Ed.2d 144 (1987)).

■ Thus, it appears that testimonial statements under *Crawford* will generally be (1) solemn or formal statements (not casual or off-hand remarks), (2) made for the purpose of proving or establishing facts in judicial proceedings (not for business or personal purposes), (3) to a government actor or agent (not to someone unassociated with government activity).

■ Here, we conclude that the victim's statements are not testimonial within the meaning of *Crawford.* The statements were made to the victim's friend, not to a law enforcement or judicial officer. Although the statements were not "casual or off-hand" because the victim was distraught, they do not qualify as the kind of "solemn or formal" declarations that the *Crawford* majority associated with testimonial statements. The victim's statements were not made for the purpose of establishing facts in a subsequent proceeding.

Because the statements are not testimonial, their admission does not violate the United States Constitution under the rule of *Crawford.*

## 2. Analysis of Nontestimonial Hearsay

■ There remains the question of what analysis, if any, should apply to nontestimonial hearsay. The *Crawford* majority indicated that the matter is left to the states: "Where nontestimonial hearsay is at issue, it is wholly consistent with the Framers' design to afford the States flexibility in their development of hearsay law—as does *Roberts,* and as would an approach that exempted such statements from Confrontation Clause scrutiny altogether." *Crawford v. Washington, supra,* —— U.S. at ——, 124 S.Ct. at 1374. Thus, *Crawford* suggests that there is no longer any reason to examine nontestimonial hearsay under the federal constitution; such hearsay simply lies outside the scope of the Sixth Amendment's Confrontation Clause.

We conclude, however, that Colorado courts should continue to determine whether the admission of nontestimonial hearsay will violate the defendant's right of confrontation under the state constitution.

In *People v. Dement,* 661 P.2d 675 (Colo. 1983), the Colorado Supreme Court applied the *Roberts* test to determine whether the admission of hearsay violates article II, § 16 of the Colorado Constitution. Ever since, the *Roberts-Dement* test has been regarded as the measure of compliance under the state constitution. *See Blecha v. People,* 962 P.2d 931, 941 (Colo.1998).

In our view, Colorado courts should continue to analyze nontestimonial hearsay under the *Roberts-Dement* test. We recognize that, with respect to the right of confrontation, the Colorado Supreme Court has never expressly held that the state constitution affords greater protections than the federal constitution. For this reason, we are not bound by the doctrine of stare decisis and are free to conclude that the *Roberts-Dement* test is no longer valid after *Crawford. See People v. Geisendorfer,* 991 P.2d 308, 311 (Colo.App.1999) (doctrine of "stare decisis is limited to actual determinations in respect to litigated and necessarily decided questions"; quoting *People v. Caro,* 753 P.2d 196, 201 n. 7 (Colo.1988)).

But we conclude that it is prudent to adhere to the rule of *Roberts* and *Dement,* for the Colorado Supreme Court has recognized the possibility that the state constitution may afford greater protection than the federal constitution in this area. *See Blecha, supra,* 962 P.2d at 941 (court defers decision on whether it will follow federal precedent or maintain unavailability requirement under the state constitution). We therefore apply the *Roberts-Dement* test to determine whether the admission of nontestimonial hearsay comports with the requirements of the state constitution.

■ When addressing arguments under the state constitution, the first question is whether the defendant has preserved the argument. Generally, we decline to consider such arguments unless the defendant argued at trial that the state constitution provides greater protection than the federal constitution. *See, e.g., People v. Mershon,* 874 P.2d 1025, 1030 n. 2 (Colo.1994) (because defendant failed to argue that the state constitution provides greater protection, the court considers the argument solely under the federal constitution); *People v. Oynes,* 920 P.2d 880, 883 (Colo.App.1996).

■ But this rule does not apply here. When defendant was tried, his confrontation rights under the state and federal constitutions were similar. Thus, when defendant raised a Confrontation Clause objection under the state and federal constitutions, he preserved his right to challenge the admissi-

bility of nontestimonial hearsay under the rule of *Roberts* and *Dement.* Defendant cannot be faulted for failing to preserve a separate objection under the state constitution, for this would require him to have anticipated a significant change in the federal analysis.

■ We next consider the merits of defendant's argument. Under *Roberts* and *Dement,* the prosecution must make a two-part showing to demonstrate compliance with the state constitution. First, the prosecution must either produce the declarant or show that she is unavailable for trial. Second, if the declarant is unavailable, the government can use the out-of-court statements only if they bear sufficient indicia of reliability. *People v. Dement, supra,* 661 P.2d at 680–81.

### a. Unavailability

Defendant argues that the trial court erred in determining that the prosecution had established the victim's unavailability. We disagree.

There is some question whether it really is necessary for the prosecution to show unavailability in every case. As noted above, the Supreme Court's pre-*Crawford* decisions had dispensed with the unavailability requirement when the declarant's statements fall within a firmly rooted hearsay exception. *White v. Illinois, supra,* 502 U.S. at 356, 112 S.Ct. at 743; *United States v. Inadi, supra,* 475 U.S. at 395, 106 S.Ct. at 1126. But the Colorado Supreme Court has yet to decide whether to follow this line of authority. *See Blecha, supra,* 962 P.2d at 941. Accordingly, we assume that, under the state constitution, the prosecution still must demonstrate unavailability in every case.

■ We review de novo the trial court's determination of unavailability under the Confrontation Clause. *Jennings v. Maynard,* 946 F.2d 1502, 1504 (10th Cir.1991). Unavailability in the constitutional sense is established when the prosecution shows that it made good faith, reasonable efforts to produce the declarant. *People v. Dement, supra.*

Here, while the victim was still at the hospital, she told a police officer that she planned to return to her family home in Mexico. The victim stayed with a friend for approximately three months after the incident. A police officer testified that she later tried on two occasions to contact the victim at that address, but was told that the victim had moved to Mexico. The prosecutor also spoke to the victim's friend prior to trial and received the same information. The victim's friend later testified that she did not know where the victim was and had no way of getting in touch with her. The prosecution made an offer of proof that it did not have any other contact information for the victim.

The record thus supports the trial court's determination that the prosecution established unavailability by making good faith, reasonable efforts to produce the victim.

### b. Reliability

■ The second prong of the *Roberts-Dement* test requires a finding of reliability. If the challenged evidence falls within a "firmly rooted" hearsay exception, reliability may be inferred. *People v. Newton,* 966 P.2d 563, 574 n. 13 (Colo.1998).

■ Here, the testimony of the victim's friend was properly admitted under the excited utterance exception. Because excited utterance is a firmly rooted hearsay exception, *see People v. Martinez,* 18 P.3d 831, 836 (Colo.App.2000), the statements here bear the necessary indicia of reliability, satisfying the state constitution.

We therefore conclude that admission of the victim's statements, through the testimony of the victim's friend, did not violate the Colorado Rules of Evidence or defendant's rights of confrontation guaranteed by the federal and state constitutions.

### II. Testimony of Doctor

■ We next consider the testimony of the doctor who treated the victim at the emergency room. For the most part, the doctor recounted his own observations about the victim's physical condition. But the doctor related one statement that the victim made to him. The doctor said that, when meeting a patient, he usually asks, "What brings you in this evening?" And the doctor

testified that, in response to this question, the victim said "she had been hit, kicked, pinched, and pushed down by her husband at approximately 2 o'clock in the afternoon."

At trial, defendant challenged only part of this statement—namely, the victim's reference to her husband. Thus, on appeal, the issue is whether defendant's right to a fair trial was violated by the phrase, "by her husband." Defendant argues that this reference was improper under CRE 803(4), the hearsay exception that governs statements made for the purpose of medical diagnosis or treatment. And defendant argues that admission of this testimony violated his rights of confrontation under the federal and state constitutions.

We need not address defendant's arguments. Even if we assume that the trial court erred in admitting the reference to defendant, and thus assume a violation of the right of confrontation, the error was harmless beyond a reasonable doubt. The doctor's words—"by her husband"—were unimportant to the prosecution's case and cumulative to statements properly presented through the victim's friend. *See People v. Harris*, 43 P.3d 221, 230 (Colo.2002)(in assessing whether hearsay testimony was harmless beyond a reasonable doubt, the reviewing court should examine a number of factors, including whether the statement was important and cumulative); *People v. Caldwell*, 43 P.3d 663, 668 (Colo.App.2001)(admission of challenged hearsay was harmless beyond a reasonable doubt because cumulative to other evidence); *People v. Griffin*, 985 P.2d 15, 19 (Colo.App.1998)(same).

Moreover, the reference was consistent with defendant's theory of the case. Defendant did not suggest that someone else had assaulted the victim. Rather, he contended that the victim had simply lied about the assault—to her friend and the doctor—so that she could gain medical attention for her difficult pregnancy.

Under these circumstances, the doctor's hearsay reference to defendant, if admitted in error, was harmless beyond a reasonable

doubt. *See People v. Harris, supra*, 43 P.3d at 230–31.

The judgment is affirmed.

Judge VOGT and Judge DAILEY concur.